JOHN J. SHAEFFER (SBN 138331)
jshaeffer@lathropgage.com
CAROLE HANDLER (SBN 129381)
chandler@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 789-4600
Fax: (310) 789-4601
Attorneys for Defendants
Decision Diagnostics Corp. and Pharmatech Solutions, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESCAN, INC. and JOHNSON & JOHNSON<br><br>Plaintiffs,<br><br>vs.<br><br>SHASTA TECHNOLOGIES, LLC, PHARMATECH SOLUTIONS, INC., DECISION DIAGNOSTICS CORP. and CONDUCTIVE TECHNOLOGIES, INC.<br><br>Defendants. | CASE No. CV1206360 LHK<br><br>**DECISION DIAGNOSTICS CORP. AND PHARMATECH SOLUTIONS, INC.'S ANSWER TO THE COMPLAINT**<br><br>Complaint Filed:  December 14, 2012<br><br>**DEMAND FOR JURY TRIAL** |

Defendants DECISION DIAGNOSTICS CORP. ("Decision") and PHARMATECH SOLUTIONS, INC. ("Pharmatech") (collectively referred to herein as "Answering Defendants") hereby respectfully submit this Answer and Affirmative Defenses in response to the Complaint filed by plaintiffs LifeScan, Inc. and Johnson & Johnson (collectively "LifeScan"). Decision and Pharmatech answer for themselves and not for any other defendants.

## NATURE OF THE ACTION

1.      Responding to the allegations set forth in paragraph 1 of the Complaint, Answering Defendants admit that the Complaint purports to seek injunctive relief, declaratory relief, and damages, but deny the remaining allegations in paragraph 1 of the Complaint. More specifically, Answering Defendants deny that they have misappropriated Plaintiffs' alleged "good will," or have made any unauthorized use of any of Plaintiffs' trademarks or their alleged trade dress, or have made false claims in their advertising or otherwise infringed any principle of state or federal trademark law. Answering Defendants are further without knowledge or sufficient information to form a belief as to whether Plaintiffs have developed "substantial goodwill" in their LifeScan and OneTouch® Ultra® brands ("OneTouch Ultra") and on that basis deny each and every such allegation.

2.      Responding to the allegations set forth in paragraph 2 of the Complaint, Answering Defendants admit that LifeScan claims to be the market leading manufacturer in the field of blood glucose monitoring, and that it markets the separate products blood glucose meters and test strips as "OneTouch Ultra Products." Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny each and every such allegation.

3.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and therefore deny each and every such allegation.

4.      Answering Defendants admit that they have developed a competing blood glucose test strip that is designed to be used with certain LifeScan meters and that LifeScan has brought a separate patent infringement action against all Defendants. Answering Defendants deny that their

1

1    product GenStrip infringes any valid LifeScan patents or that LifeScan's patent infringement action

2    has any merit.

3         5.      Answering Defendants admit that in compliance with all federal statutory and

4    regulatory provisions, they have lawfully proceeded to obtain and have obtained FDA clearance to

5    market the GenStrip.

6         6.      Answering Defendants admit that the FDA has approved clearance for the use of the

7    GenStrip with certain OneTouch Ultra meters purchased before July 2010, and deny the remaining

8    allegations set forth in paragraph 6 of the Complaint.

9         7.      Answering Defendants admit that GenStrip is a new, competitive product designed to

10   compete with the more costly OneTouch Ultra test strips.  Answering Defendants deny each and

11   every remaining allegation of Paragraph 7 of the Complaint, including the allegation that Answering

12   Defendants have no reputation or goodwill with consumers who use blood glucose monitoring

13   systems.

14        8.      Answering Defendants admit that Defendants' proposed packaging of the GenStrip

15   features an image of a LifeScan meter, with whose use the FDA has cleared the GenStrip.

16   Answering Defendants deny that there is anything wrongful in such conduct, or that use of this image

17   on packaging is unnecessary or falsely conveys LifeScan's endorsement of the GenStrip.  For further

18   answer, Answering Defendants aver that the GenStrip's proposed packaging specifically disclaims

19   any such endorsement.  For further answer, Answering Defendants deny each and every remaining

20   allegation of Paragraph 8, including that they make any false claims concerning the scope of the

21   FDA's clearance.

22        9.      Answering Defendants deny each and every allegation set forth in paragraph 9 of the

23   Complaint.

24                                    **THE PARTIES**

25        10.     Answering Defendants are without knowledge or information sufficient to form a

26   belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and therefore deny

27   each and every such allegation.

28

2

11.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore deny each and every such allegation.

12.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore deny each and every such allegation.

13.     Answering Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14.     Answering Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and therefore deny each and every such allegation.

## JURISDICTION AND VENUE

16.     Paragraph 16 of the Complaint contains conclusions of law to which no response is required.  To the extent any response is required, Answering Defendants admit that the Complaint purports to involve the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338 on the purported grounds that LifeScan's claims arise under the trademark laws of the United States, that it alleges a claim for trademark infringement and corresponding state law claims and this Court has original, exclusive and supplemental jurisdiction over such claims.

17.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and therefore deny each and every such allegation.

18.     Answering Defendants admit the allegations set forth in paragraph 18 of the Complaint.

19.     Answering Defendants admit the allegations set forth in paragraph 19 of the Complaint.

20.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and therefore deny those allegations.

21.     Paragraph 21 of this Complaint contains conclusions of law to which no response is required.  To the extent any response is required, Answering Defendants admit that Plaintiff purports to establish venue in this Court pursuant to 28 U.S.C. § 1391.  For further answer, Answering Defendants deny that they have committed any unlawful acts in this judicial district or elsewhere.

## BACKGROUND

### LifeScan's OneTouch Ultra Systems

22.     Answering Defendants admit that people with diabetes use self-monitoring systems to self-monitor their blood glucose levels, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22, and on that basis deny them.

23.     Answering Defendants admit that LifeScan sells the separate products blood glucose meters and test strips under the OneTouch Ultra brand.  Answering Defendants are without knowledge or information sufficient to form a belief as to the composition of the purported OneTouch Ultra "family of glucose monitors" and on that basis deny those allegations.  For further answer, Answering Defendants deny that OneTouch Ultra glucose monitors are designed for exclusive use with OneTouch Ultra glucose test strips, and deny the remaining allegations of Paragraph 23.

24.     Answering Defendants deny that only a OneTouch Ultra test strip may be inserted into the port of a OneTouch Ultra meter.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint and therefore deny each and every one of those allegations.

25.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and therefore deny each and every one of those allegations.

26.     Answering Defendants admit that LifeScan alleges it shares 83% of what it defines as the total U.S. market for blood glucose monitoring systems with only three major competitors and that it claims to have the largest share of that market, more than 30%.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint and therefore deny each and every one of those allegations.

27.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and therefore deny each and every one of those allegations.

**LifeScan's Investment in the OneTouch Brand**

28.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and therefore deny each and every one of those allegations.

29.     Paragraph 29 contains conclusions of law to which no response is required.  To the extent any response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and therefore deny each and every one of those allegations.

30.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and therefore deny each and every one of those allegations.

31.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and therefore deny each and every one of those allegations.

32.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and therefore deny each and every one of those allegations.

33.     Answering Defendants admit that, in accordance with their FDA clearance, they plan to feature the OneTouch Ultra Mini in their advertising, but deny any wrongdoing by such actions. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint and therefore deny each and every such allegation.

34.     Answering Defendants admit that LifeScan claims that it manufactures the top-selling meter in its market.  For further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and therefore deny each and every such allegation.

35.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and therefore deny each and every one of those allegations.

36.     Answering Defendants deny the accuracy of LifeScan's characterization of the OneTouch Ultra Mini as "distinctive."  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 36 of the Complaint and therefore deny each and every one of those allegations.

37.     Answering Defendants deny the characterization of the OneTouch Ultra Mini as "distinctive."  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the Complaint and therefore deny each and every one of those allegations.

38.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint and therefore deny each and every one of those allegations.

39.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint and therefore deny each and every one of those allegations.

40.     Paragraph 40 of the Complaint contains conclusions of law to which no response is required.  To the extent any response is required, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and therefore deny each and every such allegation.

**The Introduction of Answering Defendants' GenStrip**

41.     Answering Defendants admit the allegations set forth in paragraph 41 of the Complaint.

42.     Answering Defendants admit that Answering Defendants and Shasta have entered into certain valid agreements regarding distribution of the GenStrip within the United States.

43.     Answering Defendants admit that valid agreements exist with other parties concerning the manufacture of the Shasta GenStrip.

44.     Answering Defendants admit that the transcript attached as Exhibit 4 to the Complaint speaks for itself.

45.     Answering Defendants admit Exhibit 1 speaks for itself and otherwise deny the remaining allegations set forth in paragraph 45 of the Complaint.

46.     Answering Defendants admit Exhibit 1 speaks for itself and otherwise deny the remaining allegations set forth in paragraph 46 of the Complaint.

47.     Answering Defendants admit that Exhibit 1 speaks for itself and otherwise deny the remaining allegations set forth in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint and therefore deny each and every such allegation.

49.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint and therefore deny each and every such allegation.

50.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint and therefore deny each and every such allegation.

51.     Answering Defendants admit the allegations set forth in paragraph 51 of the Complaint.

**Answering Defendants' Advertising**

52.     Answering Defendants admit they have begun advertising the GenStrip on the Internet, but otherwise deny each and every remaining allegation set forth in paragraph 52 of the Complaint.

53.     Answering Defendants admit that the GenStrip is competitive to the OneTouch Ultra test strip and that it is not made by LifeScan.  With respect to the remaining allegations set forth in paragraph 53 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny each and every remaining allegation of Paragraph 53.

54.     Answering Defendants deny that Defendants in any way encourage consumers to believe that LifeScan produces the GenStrip.  For further answer, Answering Defendants deny that they are engaged in wrongful conduct and note that their proposed packaging includes a disclaimer to dispel any such misunderstanding.  With respect to the remaining allegations of Paragraph 54, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny each and every such allegation.

55.     Answering Defendants admit that they advertise on the four websites set forth in paragraph 55 of the Complaint, but otherwise deny each and every remaining allegation set forth in Paragraph 55.

56.     Answering Defendants admit that the websites and Facebook page includes representations of Defendants' proposed packaging.  Answering Defendants deny each and every remaining allegation of Paragraph 56 of the Complaint.

57.     Answering Defendants admit that their packaging and label feature a photograph involving a OneTouch meter, but otherwise deny the remaining allegations set forth in paragraph 57 of the Complaint.

58.     Answering Defendants admit that the Pharmatech Facebook page speaks for itself and otherwise deny each and every remaining allegation set forth in paragraph 58 of the Complaint.

59.     Paragraph 59 contains conclusions of law to which no response is required.  To the extent any response is required, Answering Defendants deny each and every remaining allegation of Paragraph 59 of the Complaint.

60.     Answering Defendants deny each and every allegation set forth in paragraph 60 of the Complaint.

61.     Answering Defendants deny the allegations set forth in paragraph 61 of the Complaint, and further aver that LifeScan is aware of the presence of their proposed disclaimer.

62.     Answering Defendants admit that the Shasta website speaks for itself.  Answering Defendants deny each and every remaining allegation set forth in paragraph 62 of the Complaint, including but not limited to the presence of any false message or endorsement.

63.     Paragraph 63 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, Answering Defendants deny each and every remaining allegation of Paragraph 63.

64.     Paragraph 64 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, Answering Defendants deny each and every remaining allegation of Paragraph 64.

65.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint and therefore deny each and every such allegation.

**LifeScan Does Not Endorse the GenStrip Brand**

66.     Answering Defendants admit that LifeScan had not given any approval or endorsement of the GenStrip product, but deny that any such approval is necessary.  Answering Defendants deny each and every remaining allegation set forth in paragraph 66 of the Complaint.

67.     Answering Defendants admit that Johnson & Johnson and LifeScan have not given their permission to use their trademarks or alleged trade dress, but deny that any such approval is necessary and deny each and every remaining allegation of Paragraph 67.

**Answering Defendants' Advertising**

68.     Answering Defendants deny each and every allegation set forth in paragraph 68 of the Complaint.

69.     Answering Defendants admit that their websites and vial label speak for themselves. Answering Defendants otherwise deny each and every remaining allegation set forth in paragraph 69 of the Complaint.

70.     Answering Defendants admit that these websites speak for themselves and deny the remaining allegations of Paragraph 70 of the Complaint.

71.     Answering Defendants deny each and every allegation set forth in paragraph 71 of the Complaint concerning the falsity of their representations.

72.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and therefore deny each and every such allegation.

73.     Paragraph 73 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny each and every allegation of Paragraph 73.

74.     Answering Defendants admit that the Pharmatech website speaks for itself.

75.     Answering Defendants admit that the Pharmatech website speaks for itself.

76.     Answering Defendants deny that they have made any false representations and deny each and every remaining allegation set forth in paragraph 76 of the Complaint.

77.     Paragraph 77 contains legal conclusions to which no response is required.  To the extent any response is required, Answering Defendants deny each and every allegation of Paragraph 77.

78.     Answering Defendants admit that the interview with Keith Berman speaks for itself.

**<u>Alleged Injury to Plaintiffs</u>**

79.     Paragraph 79 contains legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny each and every such allegation.

80.     Answering Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81.     Paragraph 81 contains legal conclusions to which no response is required.  To the extent any response is required, Answering Defendants deny each and every allegation set forth in paragraph 81 of the Complaint.

82.     Paragraph 88 contains legal conclusions to which no response is required.  To the extent any response is required, Answering Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent any response is required, Answering Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84.     Answering Defendants deny each and every allegation set forth in paragraph 84 of the Complaint.

85.     Answering Defendants deny each and every allegation set forth in paragraph 85 of the Complaint, including that they have engaged in any false advertising and misappropriation of LifeScan's trademarks.

86.     Answering Defendants admit the allegations set forth in paragraph 86 of the Complaint.

1    87.    Answering Defendants are without knowledge or information sufficient to form a

2  belief as to the truth of the allegations in Paragraph 87 and on that basis deny each and every such

3  allegation set forth in paragraph 87 of the Complaint.

4    88.    Answering Defendants are without knowledge or information sufficient to form a

5  belief as to the truth of the allegations set forth in paragraph 88 of the Complaint and on that basis

6  deny each and every such allegation.

7    89.    Answering Defendants are without knowledge or information sufficient to form a

8  belief as to the truth of the allegations set forth in paragraph 89 of the Complaint and therefore deny

9  each and every such allegation.

10                          **FIRST CLAIM FOR RELIEF**

11                    **Lanham Act – False Advertising**

12    90.    Answering Defendants respond to the allegations realleged and incorporated by

13  reference in paragraph 90 of the Complaint as set forth in paragraphs 1 through 89 above.

14    91.    Answering Defendants admit the allegations in paragraph 91 of the Complaint.

15    92.    Answering Defendants deny each and every allegation set forth in paragraph 92 of the

16  Complaint.

17    93.    Answering Defendants deny each and every allegation set forth in paragraph 93 of the

18  Complaint.

19    94.    Answering Defendants deny each and every allegation set forth in paragraph 94 of the

20  Complaint.

21    95.    Answering Defendants deny each and every allegation set forth in paragraph 95 of the

22  Complaint.

23    96.    Answering Defendants deny each and every allegation set forth in paragraph 96 of the

24  Complaint.

25

26

27

28

**SECOND CLAIM FOR RELIEF**

**Lanham Act – False Endorsement**

97.     Answering Defendants respond to the allegations realleged and incorporated by reference in paragraph 97 of the Complaint in the same manner as set forth in paragraphs 1 through 96 above.

98.     Answering Defendants deny each and every allegation set forth in paragraph 98 of the Complaint.

99.     Answering Defendants deny each and every allegation set forth in paragraph 99 of the Complaint.

100.     Answering Defendants deny each and every allegation set forth in paragraph 100 of the Complaint.

101.     Answering Defendants deny each and every allegation set forth in paragraph 101 of the Complaint.

102.     Answering Defendants deny each and every allegation set forth in paragraph 102 of the Complaint.

103.     Answering Defendants deny each and every allegation set forth in paragraph 103 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**Lanham Act – Infringement of Registered Trademark**

104.     Answering Defendants respond to the allegations realleged and incorporated by reference in paragraph 104 of the Complaint in the same manner as set forth in paragraphs 1 through 103 above.

105.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint and therefore deny each and every such allegation.

106.     Answering Defendants deny each and every allegation set forth in paragraph 106 of the Complaint.

107.    Answering Defendants deny each and every allegation set forth in paragraph 107 of the Complaint.

108.    Answering Defendants deny each and every allegation set forth in paragraph 108 of the Complaint.

109.    Answering Defendants deny each and every allegation set forth in paragraph 109 of the Complaint.

## "FIFTH" [sic] CLAIM FOR RELIEF

### False Advertising Under State Law

110.    Answering Defendants respond to each and every allegation realleged and incorporated by reference in paragraph 110 of the Complaint in the same manner as set forth in paragraphs 1 through 109 above.

111.    Answering Defendants deny each and every allegation set forth in paragraph 111 of the Complaint.

112.    Answering Defendants deny each and every allegation set forth in paragraph 112 of the Complaint.

113.    Answering Defendants deny each and every allegation set forth in paragraph 113 of the Complaint.

## "SIXTH" [sic] CLAIM FOR RELIEF

### Unfair Competition Under State Law

114.    Answering Defendants respond to the allegations realleged and incorporated by reference in paragraph 114 of the Complaint in the same manner as set forth in paragraphs 1 through 113 above.

115.    Answering Defendants deny each and every allegation set forth in paragraph 115 of the Complaint.

116.    Answering Defendants deny each and every allegation set forth in paragraph 116 of the Complaint.

14

117.   Answering Defendants deny each and every allegation set forth in paragraph 117 of the Complaint.

## AFFIRMATIVE DEFENSES

Answering Defendants assert their Affirmative Defenses as follows.  However, Answering Defendants reserve the right to assert additional affirmative defenses that may be developed through discovery or otherwise in this action.

### First Affirmative Defense

### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim on which relief may be granted.

### Second Affirmative Defense

### (Trademark Misuse)

Plaintiffs' claims are unenforceable for trademark misuse.

### Third Affirmative Defense

### (Non-Infringement)

Neither Answering Defendant has infringed any cognizable trademark or trade dress interest protected under federal or state law.

### Fourth Affirmative Defense

### (Laches)

Plaintiffs are barred by the doctrine of laches from seeking some or all of the relief sought in this action.

### Fifth Affirmative Defense

### (No Injunctive Relief)

Plaintiffs are not entitled to any injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable.

**Sixth Affirmative Defense**

**(Nominative Fair Use)**

Answering Defendants' use of Plaintiffs' asserted trademarks and trade dress is protected by the trademark doctrine of nominative fair use.

**Seventh Affirmative Defense**

**(First Amendment)**

Answering Defendants' use of Plaintiffs' asserted trademarks and trade dress is protected by the First Amendment.

**Eighth Affirmative Defense**

**(Innocent Infringement)**

To the extent Answering Defendants infringed any element of Plaintiffs' trademarks or trade dress, which they deny, all such infringement was innocent and not willful.

**Ninth Affirmative Defense**

**(No Jury for Equitable Issues)**

Plaintiffs are not entitled to a jury trial on any equitable issues.

**Tenth Affirmative Defense**

**(Waiver)**

Plaintiffs may not recover, in whole or in part, because they have waived their claims and/or any rights to some or all of the relief sought.

**Eleventh Affirmative Defense**

**(Estoppel)**

Plaintiffs are estopped from asserting their claims and/or any rights to some or all of the relief sought.

**Twelfth Affirmative Defense**

**(Unclean Hands)**

Plaintiffs may not recover, in whole or in part, due to the doctrine of unclean hands.

**<u>Thirteenth Affirmative Defense</u>**

**(Laches)**

Plaintiffs are barred by laches from obtaining some or all of the relief sought.

**<u>Fourteenth Affirmative Defense</u>**

**(Statute of Limitations)**

Plaintiffs are barred from obtaining some or all of the relief they seek under the applicable statute of limitations.

**<u>Fifteenth Affirmative Defense</u>**

**(Failure to Mitigate)**

Plaintiffs have failed to mitigate some or all of the damages they claim to have suffered.

**<u>Sixteenth Affirmative Defense</u>**

**(Violations of the Sherman Act §§ 1 and 2)**

Plaintiffs' claims are barred because their claims and the actions they have taken are part of an illegal scheme to tie together two separate products so as to forestall entry by a lower priced competitor and to achieve and maintain market dominance in violation of Sections 1 and 2 of the Sherman Act.

**<u>Seventeenth Affirmative Defense</u>**

**(Additional Affirmative Defenses)**

To the extent that further investigation and discovery would reveal additional affirmative defenses to which Answering Defendants are entitled, they reserve the right to assert such additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants pray for relief as follows:

1.     That the Complaint be dismissed and Plaintiffs take nothing herein;

2.     That Answering Defendants be awarded their costs and attorneys' fees incurred in defense of the action; and

3.     For such other and further relief as the Court may deem just and proper.

Dated: January 4, 2013                    LATHROP & GAGE LLP


                                          By:  /s/ Carole Handler
                                              Carole Handler
                                          Attorneys for Answering Defendants
                                          Decision Diagnostics Corp. and Pharmatech Solutions,
                                          Inc.



## DEMAND FOR JURY TRIAL

Answering Defendants hereby demand a trial by jury.

Dated: January 4, 2013                    LATHROP & GAGE LLP


                                          By:  /s/ Carole Handler
                                              Carole Handler
                                          Attorneys for Answering Defendants
                                          Decision Diagnostics Corp. and Pharmatech Solutions,
                                          Inc.

18