1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    LIFESCAN, INC., et al.,                    Case No.  12-cv-06360-JST

              Plaintiffs,
8
                                                **ORDER MODIFYING INJUNCTION;**
9         v.                                    **DENYING MOTION TO STAY;**
                                                **SETTING BOND; GRANTING**
10   SHASTA TECHNOLOGIES, LLC, et al.,          **MOTIONS TO SEAL**

              Defendants.
11                                              Re: ECF Nos. 99, 100, 104, 106

12          In this action for violations of the Lanham Act and related claims, Defendants move under

13   Federal Rule of Civil Procedure 62(c) for a stay of the preliminary injunction that the Court issued

14   on May 21, 2013.  For the reasons set forth below, the motion to stay the injunction is DENIED.

15   Additionally, Plaintiffs' request to modify the injunction to permit Defendants to use their logos

16   and trade dress in ways that fall within the scope of the nominative fair use doctrine, as described

17   below, is GRANTED.  The modified injunction will become effective when Plaintiffs post a bond

18   in the amount of $3,681,776.

19                          **I.       BACKGROUND**

20          Plaintiffs Johnson & Johnson and LifeScan, a subsidiary of Johnson & Johnson, bring this

21   action for violations of the Lanham Act and California's Business and Professions Code against

22   Defendants Shasta Technologies, Decision Diagnostics, PharmaTech Solutions, and Conductive

23   Technologies.  The gravamen of the complaint is that Defendants' unauthorized use of Plaintiffs'

24   logos and trade dress on the packaging and advertisements for Defendants' GenStrip creates the

25   impression that LifeScan endorses or sponsors that product.

26          On May 21, 2013, the Court granted Plaintiffs' motion for a preliminary injunction barring

27   Defendants from (1) using any image of Plaintiffs' OneTouch meters on the packaging, labels, or

28   advertisements for the GenStrip, whether online or not; (2) using Plaintiffs' OneTouch logos or

*United States District Court*
*Northern District of California*

stylized font on the packaging, labels, or advertisements for the GenStrip, whether online or not; and (3) shipping to consumers the 60,000 GenStrip units that they have sold without first removing the packaging containing Plaintiffs' logos and trade dress ("the injunction").  ECF No. 94 at 21-22.

Defendants filed a notice of appeal on May 23, 2013.  ECF No. 98.  They now move to stay the injunction pending the appeal.  ECF No. 106.

## II.      LEGAL STANDARD

A district court may stay an injunction while an appeal from the order granting the issuance of the injunction is pending.  Fed. R. Civ. P. 62(c).  The factors regulating the issuance of a stay under Rule 62(c) are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  "The first two factors of [this] standard are the most critical."  Nken v. Holder, 556 U.S. 418, 434 (2009).

"A stay is not a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case."  Id. at 420.  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Id. at 433-34.

## III.      DISCUSSION

### A.      A Stay is Not Warranted

The Court concludes that a stay is not warranted.  The four factors that the Court must consider in determining whether a stay of the injunction is appropriate track the four factors that the Court considered in granting the injunction.  See Nken v. Holder, 556 U.S. 418, 434 (2009) (noting that "[t]here is substantial overlap" between the factors relevant to the issuance of a stay pending appeal and "the factors governing preliminary injunctions").  The Court therefore denies Defendants' motion for a stay pending appeal for the same reasons articulated in the order granting the injunction and for the additional reason that Defendants will be adequately protected

2

1    from any injury resulting from the injunction by the bond that Plaintiffs are required to post, as

2    discussed below.

3    **B.      The Preliminary Injunction Is Modified**

4          While an appeal from an order issuing an injunction is pending, a district court "may

5    suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the

6    opposing party's rights."  Fed. R. Civ. P. 62(c).

7          Defendants contend that the injunction is not narrowly tailored because it bars them from

8    using Plaintiffs' OneTouch logos and trade dress on the instruction manual for the GenStrip and

9    from otherwise instructing consumers on how to use the GenStrip.  Mot. at 9-10, ECF No. 106.  In

10   response to these contentions, Plaintiffs request that the Court modify the injunction to explicitly

11   permit the use of their logos or trade dress so long as any such use complies with the nominative

12   fair use test.

13         In light of these arguments, the Court modifies the injunction as follows:

14   1.      Defendants shall not use any image of Plaintiffs' OneTouch meters, or Plaintiffs'

15   OneTouch logos or stylized font, on the packaging or labels for the GenStrip.  Defendants

16   may continue to use the current FDA-approved GenStrip package insert, which includes

17   images of the OneTouch UltraMini meter.

18   2.      Defendants shall not use any image of Plaintiffs' OneTouch meters, or use

19   Plaintiffs' OneTouch logos or stylized font, in advertisements for the GenStrip, whether

20   online or not, except that Defendants may use images of Plaintiffs' OneTouch Ultra, Ultra

21   II, and UltraMini meters in their advertisements if they: (i) use no more than is reasonably

22   necessary to demonstrate the correct manner of use of the GenStrip, and (ii) do nothing in

23   conjunction with the use that suggests sponsorship or endorsement by LifeScan or Johnson

24   & Johnson.

25   3.      In any advertisement in which Defendants use any image of any OneTouch meter,

26   Defendants must include, immediately adjacent to the image of the meter (or part of a

27   meter), a prominent disclaimer of endorsement by or affiliation with LifeScan and Johnson

28   & Johnson.  If the image is used in a print advertisement or on a web page, the disclaimer

United States District Court
Northern District of California

3

must be clear and conspicuous and must be in the same type (with respect to size and boldness) as is used generally in the advertisement.  If the image is used in a television or online video advertisement, Defendants must include both a clear, conspicuous text disclaimer that is displayed for at least four seconds, and a voiceover in which the text of the disclaimer is read at the same speed and volume as other speech in the advertisement.

4.       Additionally, Defendants are enjoined from shipping to consumers the 60,000 GenStrip units that they have sold without first removing the packaging containing Plaintiffs' logos and trade dress.

**C.       Plaintiffs Must Post a Bond of $3,681,776**

Federal Rule of Civil Procedure 65(c) requires a party in whose favor a preliminary injunction is granted to post a bond to provide "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009) (citation and internal quotation marks omitted).

Here, Plaintiffs argue that a bond of $650,000 would be sufficient to cover Defendants' expenses in changing the packaging of the GenStrip and that, because Defendants are not barred from selling the GenStrip, any bond amount need not include potential lost sales and lost profits.[1] ECF No. 100.

On the other hand, Defendants argue that a bond in the amount of $3,681,776 is justified because that amount would cover the expenses associated with changing the packaging and advertisements at issue in addition to covering potential lost profits of 20% from June 2013 to May 2014.[2]  ECF No. 103.

//

//

---

[1] Plaintiffs move to file under seal portions of their motion for a bond and Exhibits 4, 5, and 6 of the declaration of Catherine Williams.  ECF No. 99.  Because the material that Plaintiffs seek to seal contains highly confidential business information, the motion is GRANTED.

[2] No trial date has been set in this case.  Defendants estimate that trial will be set for May 2014.

1    The Court concludes that a bond should compensate Defendants both for the costs of

2 changing the packaging and advertisements at issue and for any profits lost as a result of the

3 injunction.  See, e.g., Honor Plastic Indus. Co. Ltd. v. Lollicup USA, Inc., 462 F. Supp. 2d 1122,

4 1132 (E.D. Cal. 2006) (setting bond based on potential lost profits where defendant was enjoined

5 from using the plaintiff's mark but was free to sell products that did not contain the plaintiff's

6 mark).  Because Defendants' requested bond amount appears to be reasonable in light of their

7 projected sales and profit calculations from June 2013 to May 2014, their request to set the bond

8 in the amount of $3,681,776 is GRANTED.  See Berman Decl. ¶¶ 6-9 & Ex. 2, 3; Schaeffer Decl.

9 ¶¶ 7-8.[3]

10                              **IV.    CONCLUSION**

11    Defendants' motion to stay the injunction is DENIED.  Plaintiffs' request to modify the

12 injunction is GRANTED.  Plaintiffs shall post a bond in the amount of $3,681,776 within three

13 days of the date this order is filed.  The modified injunction will become effective upon the

14 posting of the bond.

15    **IT IS SO ORDERED**.

16 Dated:  June 24, 2013

17                                   _____

18                                          JON S. TIGAR
                                       United States District Judge

19

20

21

22

23

24

25

26  _____
[3] Defendants move to seal portions of their opposition to Plaintiffs' motion for a bond, the
27 declaration of John Shaeffer, and the declaration of Keith Berman.  ECF No. 104.  Because the
material that Defendants seek to seal contains highly confidential business information, the motion
28 is GRANTED.

United States District Court
Northern District of California